.motion should have been granted. The opposing affidavits show that the return already filed is correct, and that the proposed amendment would pervert the facts. If the justice makes a false amended return, the defendant will have his remedy; but the justice should be at liberty to have his return state what he claims to have been the facts.

---

(118 App. Div. 446)

### FISHER v. CENTRAL VERMONT RY. CO.

(Supreme Court, Appellate Division, Third Department. March 13, 1907.)

RAILROADS—CROSSING ACCIDENT—EVIDENCE—SUFFICIENCY.

Where, in an action for injuries to a pedestrian while crossing a railroad track, he testified that he looked in the direction from which the train came just before he stepped on the track, and it was *held* on appeal that he should have looked in that direction sooner, and on the second trial he testified that he began looking in that direction much sooner than he stated on the former trial, and there was no explanation of the contradiction, plaintiff did not sustain the burden of proof.

Appeal from Trial Term, Clinton County.

Action by James C. B. Fisher against the Central Vermont Railway Company. Appeal by defendant from a judgment in favor of plaintiff, and from an order denying a motion for new trial. Judgment and order reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Shedden & Vert (L. L. Shedden, of counsel), for appellant.
Gaylord T. Ames (John H. Booth, of counsel), for respondent.

COCHRANE, J. Plaintiff has recovered a second verdict for personal injuries due to . the defendant's alleged negligence. The judgment entered on the first verdict was reversed; the opinion of the court being reported in 109 App. Div. 449, 95 N. Y. Supp. 693. The facts are there stated in detail. Repetition thereof is here unnecessary.

At the first trial plaintiff testified that as he crossed track 2, in front of the mail car, he loooked north, and was just turning to look south as he stepped in front of the engine on track 3, and was struck by said engine. He had ample opportunity to look north when he was at the end of the mail car, and it was held on the former appeal that he was negligent in not looking south until just at the instant when he was struck by the engine on track 3. At the last trial plaintiff testified, in effect, that he began looking south when between the rails of track 2, and continued looking south until the collision. We have therefore the plaintiff at the first trial directly contradicting the plaintiff at the second trial on a question of vital and controlling importance. No satisfactory explanation of this contradiction is proffered; and there is no corroboration on this crucial branch of the case. It is, of course, possible that plaintiff was mistaken in his first testimony. The natural inference, however, is that such testimony was probably correct. His recollection was then certainly as good as subsequently,

103 N.Y.S.—33

and the first narrative would naturally be more artless and spontaneous, given as it was before it was subjected to the test of criticism, and before its fatal effect on his chances of recovery had been revealed on the former appeal.

In my opinion, in view of the irreconcilable variance between the two statements, the latter given as it was after plaintiff's mind had been illumined as to the nature of the testimony essential to a recovery, the plaintiff did not sustain the burden of proof on this branch of the case. This in the first instance was, of course, a question for the jury, but the verdict of a jury is subject to judicial review, and, when the court can plainly see that the verdict rests on no substantial basis, such verdict should be set aside. In passing on this important question, the jury had before them absolutely nothing, save two contradictory statements of the plaintiff, each sworn to under similar circumstances, except that the last statement which was accepted by the jury was made under circumstances tending to throw doubt and suspicion thereon. Who among us is gifted with such subtle discernment as to be able to say that the last statement rather than the first comports with the true version of the occurrence? These two conflicting statements should be clearly placed in juxtaposition before the minds of a jury, and their attention should pointedly be called to their apparent irreconcilability, and to the circumstances under which they were, respectively, given, and in such a manner that the question thus presented is not minimized or obscured by other questions in the case, so that the verdict of the jury, if in plaintiff's favor, may clearly and beyond peradventure carry with it the expression of their belief that the latest statement of the plaintiff is the true one, notwithstanding the apparent probabilities to the contrary. The defendant's motion for a new trial should have been granted.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event.